IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21mc00185-GCM

| | |
|---|---|
| NATIONWIDE JUDGMENT RECOVERY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| YUJI CHOI, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court upon the Defendant's Motion to Set Aside Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. This matter was transferred to this Court from the Southern District of New York, where Plaintiff seeks to enforce the judgment. (Doc. No. 10). The Plaintiff has filed a response in opposition to Defendant's motion.

The Judgment at issue herein arises from a class action lawsuit filed in this Court by the Receiver of Rex Venture Group, LLC against a class of Net Winners, *Orso v. Disner*, *et al.*, 3:14cv91-GCM. The factual background of the class action is outlined in *Orso v. Disner*, 3:14cv91, 2016 WL 7007522 (W.D.N.C. Nov. 29, 2016) and will not be repeated herein. This Court certified a Defendant class of Net Winners, which included the Defendant herein, appointed class counsel to represent the class members, and entered a Final Judgment against Defendant Choi as well as thousands of other Net Winners. *See* Doc. No. 179, 3:14cv91-GCM. Defendant Choi now seeks to set aside the Judgment against her in the amount of $9,589.89, the net amount of her winnings in the ZeekRewards Ponzi scheme, including prejudgment interest.

Rule 60(b) provides, in pertinent part, that upon motion, "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;
(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) The judgment is void;
(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) Any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Defendant appears to argue that the judgment against her is void for lack of personal jurisdiction. Under Rule 60 a judgment debtor bears the burden to demonstrate that a judgment is void, and any reasonable exercise of jurisdiction by the issuing court must be upheld. *See Sanchez v. MTV Networks*, 525 F. App'x 4, 6 (2d Cir. 2013). Relief under Rule 60(b)(4) is "extraordinary" and allowed "only in…rare instance[s]." *See id.* (holding that a judgment is void only if the court rendering the court completely "usurped jurisdiction" or if it acted in a matter inconsistent with due process of law); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process . . . .").

The Court finds Defendant's argument to be without merit. Defendant Choi was a member of a certified Defendant class represented by class counsel and the issue of personal jurisdiction was never raised in the *Disner* case, nor was it raised on appeal. Defendant Choi may not now collaterally attack final judgment by belatedly claiming that this Court lacked jurisdiction over her as a member of the Net Winner class.

IT IS THEREFORE ORDERED that the Defendant's Motion to Set Aside Judgment is hereby DENIED.

Signed: December 28, 2021

Graham C. Mullen
United States District Judge